IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD J. TERRY, SR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:14cv953-WKW-TFM |
| | ) | [wo] |
| RUSSELL COUNTY BOARD | ) | |
| OF EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 6, filed September 23, 2014). Pending before the Court is Defendants' *Motion to Dismiss First Amended Complaint* (Doc. 60, filed January 26, 2015), *Motion to Dismiss Amended Complaint* (Doc. 63, filed January 27, 2015), *Motion to Dismiss Amended Complaint* (Doc. 66, filed January 28, 2015), *Motion to Dismiss Plaintiff's Amended Complaint* (Doc. 68, filed January 30, 2015), *Motion to Dismiss* (Doc. 70, filed January 30, 2015), *Amended Motion to Dismiss* (Doc. 90, filed September 14, 2015), and Plaintiffs' *Response* (Doc. 81, filed April 2, 2015). The Court has carefully reviewed the *Amended Complaint*, motions to dismiss, and briefs filed in support of and in opposition to Defendants' motions (Docs. 60, 63, 66, 68-71, 81, 90-91). On September 28, 2015, the Court entered its *Report and Recommendation of the*

*Magistrate Judge* (Doc. 92) in which it recommended that Defendants' motion be denied in part and granted in part. On October 13, 2015, Defendants Heath Taylor and Bob Atkin [1] filed their *Objection to the Magistrate's Recommendation* (Doc. 85). Upon consideration of the objection, the Court hereby supplements the *Report and Recommendation of the Magistrate Judge* (Doc. 92).

## I. JURISDICTION

The district court has subject matter jurisdiction over the claims in these 42 U.S.C. § 1983 (Civil Rights Act of 1871, as amended), 29 U.S.C. § 794 (Rehabilitation Act of 1973, as amended), 20 U.S.C. § 1400 (Individuals with Disabilities Education Act), and 42 U.S.C. § 1213 *et seq.* (Americans with Disabilities Act) actions pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).[2] The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 6, filed September 23, 2014).

## II. DISCUSSION AND ANALYSIS

While the Court's *Report and Recommendation of the Magistrate Judge* (Doc. 92) addresses twenty-two defendants and thirteen causes of action, the Defendants' *Objection*

---

1 Plaintiffs' amended complaint incorrectly identified Sheriff's Deputy Bob Atkin as "Adkin." *See* Doc. 69 at 1.
2 Plaintiffs do not specifically state which sections under the Americans with Disabilities Act or Rehabilitation Act their claims arise under. However, upon thorough review of the *Complaint*, it appears to this Court that Plaintiffs' claims arise under Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.

*to the Magistrate's Recommendation* (Doc. 85) only challenges this Court's determination as to Sheriff Heath Taylor ("Sheriff Taylor") and Sheriff's Deputy Bob Atkin ("Deputy Atkin") on Count Nine (Denial of Due Process in the Juvenile Criminal Prosecution). On Count Nine, the Court stated that it " is unable to make any determination as to whether Terry, Jr. was in custody or otherwise detained in order to make a ruling on the alleged violation of Terry, Jr.'s *Miranda* rights [. . .] out of an abundance of caution Defendants Sheriff Taylor and Deputy Atkin's motion to dismiss is due to be denied with respect to Count Nine."

>In their motion to dismiss, Defendants asserted that:
>
>In light of the fact that these Defendants did not arrest Terry, Jr. (as argued above), there can be no constitutional violation. Plaintiffs cannot point to a single case where merely taking statements and nothing more (as shown in the Amended Complaint) arises to a constitutional violation. On this basis, these Defendants should be dismissed.

*See* Doc. 69 at 16. However, in their objection, Defendants now cite to *Jones v. Cannon* in which the Eleventh Circuit considered an issue of first impression regarding "whether a plaintiff can state a cause of action for money damages under § 1983 if the plaintiff alleges that he was not read his Miranda rights . . ." 174 F.3d 1271, 1290 (11th Cir. 1999). The Eleventh Circuit discussed the issue at length:

>Several circuits have held that no cause of action for money damages exists under § 1983 where police officers allegedly violate *Miranda* principles by either failing to give *Miranda* warnings or by continuing to question a defendant in custody after his request for an attorney. The Third Circuit held that "[t]he right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution, whereas the 'right to counsel' during custodial interrogation recognized in *Miranda v.*

*Arizona,* is merely a procedural safeguard, and not a substantive right." *Giuffre v. Bissell,* 31 F.3d 1241, 1256 (3d Cir.1994) (citation omitted). The Tenth Circuit agrees and recognizes that the remedy is to exclude the ill-gotten confession from evidence, and not to subject police to civil liability for either failing to give *Miranda* warnings or for continuing to question a defendant in custody after he requests an attorney:

> Even assuming that [plaintiff's] confession should have been excluded from the evidence at his trial, the court cannot find that any rational argument can be made in support of this civil rights claim for damages. The Constitution and laws of the United States do not guarantee [plaintiff] the right to *Miranda* warnings. They only guarantee him the right to be free from self-incrimination. The *Miranda* decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be made in support of the notion that the failure to give Miranda warnings subjects a police officer to liability under the Civil Rights Act.

*Bennett v. Passic,* 545 F.2d 1260, 1263 (10th Cir.1976). "[V]iolations of the prophylactic *Miranda* procedures do not amount to violations of the Constitution itself." *Giuffre,* 31 F.3d at 1256. *See also Warren v. City of Lincoln, Neb.,* 864 F.2d 1436, 1442 (8th Cir.1989) ("The reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth amendment itself.... Thus, the remedy for a *Miranda* violation is the exclusion from evidence of any compelled selfincrimination, not a section 1983 action"); *Thornton v. Buchmann,* 392 F.2d 870, 874 (7th Cir.1968) (holding that failure to give *Miranda* warnings would prevent use of statements in a criminal trial, but has no significance in an action against police officers for deprivation of a plaintiff's civil rights).

[Plaintiff] relies on a Ninth Circuit decision, *Cooper v. Dupnik,* 963 F.2d 1220 (9th Cir.1992) (en banc), in which the Court held that a § 1983 cause of action exists against officials who purposely planned to deprive criminal suspects of their *Miranda* rights in order to coerce involuntary confessions. However, as observed by the Third Circuit, the *Cooper* case broke new ground, and was decided under an unusual fact situation. *Giuffre,* 31 F.3d at 1256. In *Cooper,* the defendant law enforcement officers admitted they engaged in a pre-existing interrogation plan whereby they ignored the

suspect's repeated requests to speak with an attorney, deliberately infringed on his right to remain silent, and relentlessly interrogated him in an attempt to extract a confession. 963 F.2d at 1223–32. As noted by the dissent in *Cooper,* the majority acted with "zeal to respond forcefully to deplorable police conduct in [that] case." 963 F.2d at 1256 (Brunetti, J., dissenting). We agree with the dissent that "the majority has departed from the clear requirements for § 1983 actions." *Id.* Rather, "[b]ecause the violation of the *Miranda* procedure alone is not a violation of the Fifth Amendment, a remedy under 42 U.S.C. § 1983 is not available." *Id.* at 1253 (Brunetti, J., dissenting).

We agree with the Third, Seventh, Eighth, and Tenth Circuits that failing to follow *Miranda* procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created. At a minimum, the magistrate judge erred in finding that the Defendants Powers and Bishop were not entitled to qualified immunity on Jones's *Miranda* claims in Count VII, as there was no clearly established right in this Circuit.

*Id.* at 1290-91.

The Court agrees. The Eleventh Circuit's holding clearly sets forth that a plaintiff cannot maintain a § 1983 claim even if the court assumed the defendant violated the plaintiff's constitutional rights by failing to issue the *Miranda* warning prior to conducting an in custody interrogation. Therefore, the Court finds that Count Nine as to Sheriff Taylor and Deputy Atkin is due to be dismissed because there is no clearly established law which would have given the Defendants fair warning that they could be held liable under § 1983 for such actions. Accordingly, Defendants Sheriff Taylor and Deputy Atkin are due to be dismissed as defendants in this action.

### III.  CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge as follows:

(1) To the extent Defendants Sheriff Heath Taylor and Deputy Bob Atkin move to dismiss Count Nine (Denial of Due Process in Juvenile Criminal Prosecution), their *Motion to Dismiss Plaintiff's Amended Complaint* (Doc. 68) is due to be **GRANTED**; and

(2) Defendants Heath Taylor and Bob Atkin be dismissed as defendants in this case.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to this Recommendation on or before **November 16, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.   Frivolous, conclusive or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 2nd day of November, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE